### ALBERT BEST ET AL. v. LUCY B. SMITH.

Since the supplement to the District Court act, passed February 9th, 1886 (*Rev. Sup.*, *p.* 264), the decision of the District Court on questions of fact has been final and unappealable, whether the defendant resided within the limits of the city or not.

---

On *certiorari*.

In an action brought before a District Court in Jersey City, the defendant resided in the city of Bayonne. Judgment having been there rendered for the defendant, the plaintiff

appealed to the Common Pleas of Hudson county. The Common Pleas refused to retry the questions of fact involved in the suit, and, as there was no statement of facts either agreed upon by the parties or certified by the District Court, the appeal was dismissed. Thereupon the plaintiff sued out a *certiorari.*

Argued at February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutor, *Corra N. Williams.*

For the defendant, *William C. Spencer.*

The opinion of the court was delivered by

DIXON, J. Under "An act constituting District Courts in certain cities in this state," approved March 9th, 1877 (*Pamph. L., p.* 234), two District Courts were established in Jersey City. By section 14 their territorial jurisdiction was made coextensive with the limits of the city; by section 6 their jurisdiction was made exclusive when the defendant resided within the city limits, and by section 170 the determination of the judge or jury upon questions of fact was declared to be final and unappealable.

By a supplement approved April 14th, 1884 (*Rev. Sup., p.* 260), the territorial jurisdiction of the courts was made coextensive with the limits of the county containing the city in which they were established, with a proviso, "that such extended jurisdiction in all cases shall not affect the right of appeal to the Common Pleas on matters of law or fact where the defendant resides out of the limits where District Courts now have exclusive jurisdiction."

This proviso affords some grounds for the contention of the plaintiff in *certiorari,* that in cases where the defendant in the District Court resided out of the city limits, either party was entitled to appeal from the decision of that court upon matters of fact, as well as of law. But, except this proviso, I think there is no ground for such contention, for the act of 1877

denied such an appeal in terms equally applicable to all causes before the court. If, then, we adopt the construction claimed by the plaintiff in *certiorari*, the legal situation, on the passage of the supplement of 1884, was, that a jurisdiction, which excluded appeal on questions of fact, was enlarged territorially so as to embrace the county limits, instead of the city only, on condition that, if the defendant resided outside of the city, the jurisdiction should not exclude appeal on questions of fact.

This being the legal position, the legislature, on February 9th, 1886 (*Rev. Sup., p.* 264), enacted that thereafter the territorial jurisdiction of every District Court should be extended to and declared to be co-extensive with the limits of the county containing the city in which it was established. This enactment is without any proviso or condition. It is an absolute extension of the jurisdiction, and must therefore be deemed to supersede the conditional extension previously granted. Its effect is to abrogate the proviso in the supplement of 1884.

It follows, therefore, that the Hudson Common Pleas properly refused to retry on appeal the questions of fact decided in the District Court of Jersey City, and its judgment must be affirmed, with costs.